IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS KELLEY,                    )
                                  )
        Plaintiff                 )
                                  )        CIVIL ACTION NO.
        vs.                       )
                                  )        98-AR-0004-S
LIBERTY MUTUAL INSURANCE          )
COMPANY,                          )
                                  )
        Defendant                 )

**FILED**

98 JAN 20 PH 3: 38

U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**

JAN 2 1 1998

## MEMORANDUM OPINION

Liberty Mutual Insurance Company, defendant in the above-entitled action, removed the case to this court from the state court on the basis of diversity, filed a motion to dismiss, asked for oral argument but did not appear when its motion was called for hearing at the court's regular motion docket on January 16, 1998. Plaintiff, Thomas Kelly, was present by counsel and orally moved to remand the case, pointing out that the state courts have exclusive jurisdiction over all cases arising out of workers' compensation statutes.  28 U.S.C. § 1445(c).

Paragraph 2 of the complaint specifically invokes Alabama's Workers' Compensation Act, saying: "This action is brought pursuant to Alabama Workers' Compensation Act, section 25-5-11." Liberty Mutual's answer to paragraph 2 says: "Admitted."  This court has consistently held that the "arising under" language in 28 U.S.C.

1

§ 1445(c) is to be construed broadly against removal jurisdiction.
In Liberty Mutual's answer, which includes a motion to dismiss
pursuant to Rule 12(b)(6), F.R.Civ.P., Liberty Mutual as its Sixth
Defense says: "The Defendant is entitled to the immunity provided
by the Alabama Workers' Compensation Act."   Liberty Mutual, in
effect, concedes that Alabama Workers' Compensation Act is
implicated.

At the motion docket the court orally granted plaintiff's oral
motion to remand.   Shortly thereafter, defendant's counsel
ascertained what had transpired and has filed two papers: (1) a
motion to stay the entry of a written order of remand; and (2) a
motion for leave to withdraw the defense based on alleged immunity
under Alabama's Workers' Compensation Act.

An appropriate, separate order remanding the case will be
entered.

DONE this __20th__ day of January, 1998.

_William M. Acker_

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE